# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| Fulmen Company<br>and Fulmen Group<br>2 Danesh Alley, Fath Highway, Fath Sq.,<br>South of Mehrabad Airport<br>P.O. Box 19395/1371<br>Tehran, Iran<br>                           *Plaintiffs,*<br>   v.<br><br>The Office of Foreign Assets Control,<br>    U.S. Department of Treasury<br>    Treasury Annex<br>    1500 Pennsylvania Avenue NW<br>    Washington, DC 20220<br><br>and<br><br>The United States Department of the Treasury,<br>    U.S. Department of Treasury<br>    1500 Pennsylvania Avenue NW<br>    Washington, DC 20220<br><br>and<br><br>THE HONORABLE STEVEN TERNER MNUCHIN<br>  in his official capacity as Secretary of the Department of Treasury<br>    U.S. Department of Treasury<br>    1500 Pennsylvania Avenue NW<br>    Washington, DC 20220<br><br>                           *Defendants.* | CIVIL ACTION NO.<br><br><br>COMPLAINT FOR DECLARATORY JUDGEMENT, INJUNCTIVE RELIEF, AND MONEY DAMAGES |

## PRELIMINARY STATEMENT

1. Plaintiffs, Fulmen Company and Fulmen Group, hereby file this complaint against Defendants, Office of Foreign Assets Control ("OFAC"), United States Department of the Treasury and Secretary of the Treasury Steven T. Mnuchin, and petitions this Court to issue a Declaratory Judgment or, alternatively, an Injunction requiring OFAC to take immediate action with respect to Fulmen Company and Fulmen Group's request that they be removed from the Specially Designated Nationals and Blocked Persons List ("SDN List").

## *NATURE OF THE CASE*

2. On November 21, 2011, pursuant to Executive Order 13382 of June 28, 2005 (E.O. 13382), OFAC included the Fulmen Company and Fulmen Group (herein collectively referred to as "Plaintiffs" or "Fulmen Co.") on the SDN List.

3. Despite the substantial harm that has resulted due to this designation, Fulmen Co. has repeatedly attempted to resolve the matter administratively and has provided OFAC with copies of orders from the Court of Justice of the European Union that Fulmen was removed from its sanction lists.

4. OFAC refused to do so despite the lack of evidence against the Plaintiffs and despite the fact that the Court of Justice of the European Union ordered the removal of Plaintiffs for their sanction which was the basis for OFAC including the Plaintiffs in its SDN list in the first place.

5. Through this action, Fulmen Co. seeks to remove the designation and blocking notice and all resulting sanctions, or, in the alternative, cause OFAC to request the information needed to remove Fulmen Co. from the SDN List (Exhibit

"A"), because the government has violated its rights under the United States Constitution and the Administrative Procedure Act.

### ***JURISDICTION AND VENUE***

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (Federal Question); 5 U.S.C. §§ 706(1), 551 and 555(e) of the Administrative Procedure Act ("APA"); and 28 U.S.C. §§ 2201(a), 2202 of the Declaratory Judgment Act. This Court has jurisdiction over the subject matter of the claims pursuant to 28 U.S.C. §§ 1331, 1332 and 1362.

7. Venue is proper in the District of Columbia pursuant to 28 U.S.C. § 1391(b) and (e), and 5 U.S.C. § 703.

### ***PARTIES***

8. Plaintiffs re-allege and fully incorporate by reference the allegations of paragraphs 1-7 *supra*.

9. Fulmen Group and Fulmen Company are for-profit corporations incorporated in Iran in the 1970s by several professors of the University of Tehran (http://www.fulmen.com/en/). They have no connections to any U.S. person or U.S. entity.

10. Defendant Office of Foreign Assets Control ("OFAC") is a United States federal administrative agency located at the U.S. Department of the Treasury, 1500 Pennsylvania Ave., NW, Annex, Washington, DC 20220. Plaintiffs are informed and believe, and thereon allege, that OFAC is responsible for making

decisions regarding placing persons on, and removing persons from, the SDN List under E.O. 13382.

11. Defendant United States Department of the Treasury is responsible for the financial and economic security of the United States. The Department of Treasury also is responsible for overseeing various offices, including OFAC.

12. Defendant Steven Terner Mnuchin is the Secretary of the Treasury of the United States. Mr. Mnuchin is sued in his official capacity.

## *EXHAUSTION OF REMEDIES*

13. Plaintiffs re-allege and fully incorporate by reference the allegations of paragraphs 1-12 *supra*.

14. All administrative remedies have been exhausted. Since October of 2014, Plaintiffs have made numerous requests to OFAC to issue a decision on their requests for reconsideration.

15. On July 20, 2018, Plaintiffs' application for delisting from SDN list was denied by OFAC in which it stated, without an offer of proof that Plaintiffs had worked with the other Iranian firms Kalaye Electric, Arya Niroo Nik and Niru Battery that are on OFAC SDN list. [Exhibit B – *OFAC Denial Letter, July 20, 2018*]. Plaintiffs deny this allegation.

16. According to 31 C.F.R. § 501.802, OFAC's decision regarding the license application constitutes final agency action.

## *BACKGROUND AND FACTS*

17. Plaintiffs re-allege and fully incorporate by reference the allegations of paragraphs 1-16 *supra*.

18. On or about June 17, 2010, Fulmen Co. and its majority shareholder, and chairman of board, Mr. Fereydoun Mahmoudian (hereinafter "Mahmoudian") were placed on the European sanction list (Annex VIII to Regulation No. 961/2010) under false allegations. (See p. 6, ¶¶ 28-28 of Exhibit "C" – 15-page Decision/Order of Court of Justice in the matter of Council for European Union v. Fulmen, [2013] EUEJCJ C-280/12, November 28, 2013).[1]

19. On or about November 21, 2011, **in a reciprocity action**, OFAC included Fulmen Co., but not Mr. Mahmoudian, on their SDN list (Exhibit "A") – emphasis added.

20. On or about August 26, 2010, Fulmen Co. and Mahmoudian asked the European Council to remove their names from European sanction list (Exhibit "C" – p. 6, ¶ 30).

21. On or about September 24, 2010, Fulmen Co. and Mahmoudian brought an action before the General Court for an annulment of the Decision 2010/413 (Exhibit C – p. 6, ¶ 31).

22. After reviewing the evidence presented by the European Council, the General Court granted Fulmen Co.'s and Mahmoudian's requests and annulled the regulation (Exhibit C – pp. 6-8).

---

[1] Decision of Justice of the European Communities (Exhibit C)

23. On or about October 24, 2012, the European Council and three countries (France, England and Northern Ireland) appealed the Court's decision ordering the removal of Fulmen Co. and Mahmoudian from the European sanction list.

24. On appeal (Exhibit C, pp. 8-11), the Court of Justice affirmed the decision of the General Court, dismissed the appeal, and ordered the European Counsel to pay appeal costs (Exhibit C – p. 14).

25. Accordingly, Fulmen Co. and Mahmoudian were removed from the European sanction list in November of 2013 (Exhibit "D" – News release by the Court of Justice of the European Union). See also, Exhibit "E".

26. On or about October 20, 2014, Mahmoudian contacted OFAC directly from Iran and asked OFAC to remove Fulmen Co. from the SDN list. OFAC responded on February 6, 2015, stating that his request was under review (Exhibit "F").

27. Failing to hear from OFAC, Mahmoudian contacted the undersigned in May-June of 2015 and asked him to contact OFAC on behalf of Fulmen Co.

28. On or about July 19, 2015, the undersigned contacted OFAC and, after providing the decisions from the European Courts, requested the removal of Fulmen Co. from the SDN list. OFAC assigned file No. NPW-4465 to this request.

29. On or about October 6, 2015, OFAC sent a letter to the undersigned that included nine (9) questions; some with subparts.

30. Fulmen Co. answered all the questions on May 24, 2016.

31. OFAC made supplemental requests on or about November 10, 2016.

32. Fulmen Co. provided complete answer on or about December 27, 2016.

33. After one face-to-face meeting with OFAC officials and many emails requesting updates, on December 13, 2017, OFAC finally informed the undersigned that a determination for Fulmen Co.'s "request for reconsideration" would be made by "December 31, 2017".

34. Finally, on July 20, 2018, OFAC made its final determination denying Plaintiffs' request for delisting (Exhibit "B").

## *CAUSES OF ACTION*

## *COUNT I - PROCEDURAL DUE PROCESS*

35. Plaintiffs re-allege and fully incorporate by reference the allegations in paragraphs 1-34 *supra*.

36. Pursuant to Executive Order 13382 of June 28, 2005, "Blocking Property of Weapons of Mass Destruction Proliferators and Their Supporters" ("E.O. 13382"), **in a reciprocity action with European Union,** on November 21, 2011, OFAC included the Plaintiffs on the SDN list (Exhibit "A") – emphasis added.

37. Being on the SDN list, has deprived and continues to deprive the Plaintiffs of their property, liberty, loss of business and reputation.

38. Prior to the designation, Plaintiffs received no notice from the President or OFAC of their proposed designation and was afforded no opportunity to be heard or otherwise contest the proposed designation.

39. The Defendants have deprived, and continue to deprive, the Plaintiffs of property, liberty, loss of business and reputation without due process in contravention of the Fifth Amendment of the United States Constitution.

### *COUNT II- SUBSTANTIVE DUE PROCESS*

40. Plaintiffs re-allege and fully incorporate by reference the allegations in paragraphs 1-39 *supra*.

41. Defendants violated and continue violating the due process rights of Plaintiffs by arbitrary decision to include them on the SDN list without meaningful procedural protections.

42. Under federal law, constitutional due process protections apply to Foreign Corporation.

43. The Defendants have violated and continue to violate Plaintiffs' rights afforded him by the Fifth Amendment's substantive due process protections.

### *COUNT III - TAKING OF PROPERTY*

44. Plaintiffs re-allege and fully incorporate by reference the allegations in paragraphs 1-43 *supra*.

45. The Fifth Amendment of the United States Constitution prohibits the taking of private property for public use without just compensation.

46. The designation completely deprives the Plaintiffs of all economically beneficial use of its name, reputation, property and assets without just compensation.

47. OFAC's failure to act constitutes a constructive denial of Plaintiffs' requests for removal from the SDN List.

48. The final agency action taken by the Defendants on July 20, 2018 (Exhibit "B"), has violated and continues to violate Plaintiffs' rights afforded to them by the Fifth Amendment takings clause.

### *CLIAM IV- ARBITRARY AND CAPRICIOUS ACTION*

49. Plaintiffs re-allege and fully incorporate by reference the allegations contained in paragraphs 1-48 *supra*.

50. An agency's action shall be set aside if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

51. OFAC's decision to deny Plaintiffs delisting application, thereby continuing listing of Plaintiffs on its SDN list represents arbitrary and capricious agency action.

52. OFAC failed to examine relevant information and articulate a satisfactory explanation for its actions. As such, it has not met its obligations under the APA to establish a rational basis between the relevant facts and its decision regarding Plaintiffs' listing on SDN.

53. The steps taken by Plaintiffs have thereby extinguished the very circumstances legally justifying the listing on the SDN list. However, OFAC has unlawfully failed to recognize such facts and maintained that the listing is still warranted despite the fact that the condition precedent to, and sole legal justification for, Fulmen Co.'s inclusion on the SDN List has been vitiated by its

removal from the European sanction list. As such, there is no legal basis for keeping Fulmen Co. on the SDN list and they should be removed at once as neither E.O. 13304, nor any other reason, provides authority for Fulmen Co. to be listed on the SDN List.[2]

54. 31 C.F.R. § 501.807 permits a blocked person to seek administrative reconsideration of his designation and removal from the SDN List, subject to the procedures detailed therein. *See* 31 C.F.R. § 501.807(a)-(d). 31 C.F.R. § 501.807(d) states that OFAC "will provide a written decision to the blocked person" after the individual submits a request for reconsideration.

55. The Administrative Procedure Act, 5 U.S.C. § 555(e), requires that prompt notice be given of the denial of a written application, petition, or other requested made by an interested person in an agency proceeding. Further, 5 U.S.C. § 706 provides that a reviewing court "shall decide all relevant questions or law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action." The court "shall compel agency action unlawfully withheld or unreasonably delayed." *Id.* at § 706(1).

56. A reviewing court may hold unlawful action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A), "in excess of statutory jurisdiction, authority, or limitations, or

---

[2] See e.g. ANTE GOTOVINA v. UNITED STATES DEPARTMENT OF TREASURY, OFFICE OF FOREIGN ASSETS CONTROL, et. al, Federal District Court for District of Columbia, Case No. 14-cv-00016

short of statutory right," 5 U.S.C. § 706(2)(C), or "without observance of procedure required by law," U.S.C. § 706(2)(D).

57. OFAC's decision to deny Plaintiffs' delisting application and to have the Plaintiffs on the SDN list has resulted in violations under the APA and Plaintiffs have been significantly harmed as a result.

58. Pursuant to the APA and to the extent necessary, a "reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action." 5 U.S.C. § 706.

59. Through the filing of the instant Complaint, Plaintiffs seek appropriate relief from the Court to alleviate the harm caused by Defendants' violations under the APA.

### *CLAIM V – EXCESS OF STATUTORY JURISDICTION*

60. Plaintiff re-alleges and fully incorporates by reference the allegations in paragraphs 1-59 *supra*.

61. An agency's action shall be set aside if it is "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706(2)(C).

62. OFAC's decision to deny Plaintiffs' delisting request, exceeds the agency's statutory authority because Plaintiffs' have already been cleared by the Court of Justice of the European Union and removed from the European blocked list.

63. Plaintiffs have taken steps to reduce the purchase of batteries for its electric motor cycles from Niru Battery, the only manufacturer of batteries in Iran.

64. Considering the fact that the Plaintiffs have no direct or indirect business relationships with Kalaye Electric, Arya Niroo Nik or Niru Battery and its purchase of a limited number of batteries from Niru Battery in the market place, it cannot justify listing the Plaintiffs on the SDN list.

65. The denial of Plaintiffs delisting application and continued listing exceeds the agency's statutory authority and is thus a direct violation.

### *CLAIM VI – UNWARRANTED BY THE FACTS*

66. Plaintiff re-alleges and fully incorporates by reference the allegations in paragraphs 1-65 *supra*.

67. A court may hold unlawful and set aside agency action that is found to be "unwarranted by the facts to the extent that the facts are subject to trial *de novo* by the reviewing court." 5 U.S.C. § 706(2)(F).

68. Plaintiffs adamantly deny OFAC's allegations that Fulmen Company was involved in procuring goods for the covert uranium enrichment facility at Qom while the facility was an undeclared site from 2006 through 2008. In addition, they univocally deny that Fulmen Company collaborated with Kalaye Electric on the construction of elements of the Natanz Uranium Enrichment Plant. Plaintiffs further deny that Fulmen Company used Arya Niroo Nik to

conduct some of its activities. OFAC never provided any evidence to substantiate their allegations.

69. Accordingly, OFAC violated, and continues to violate, 5 U.S.C. § 706(2)(F) by unlawfully issuing a decision unwarranted by the facts, and this Court should perform independent judicial fact finding and render OFAC's denial unlawful.

### *PRAYER FOR RELIEF*

WHEREFORE, Plaintiffs, Fulmen Company and Fulmen Group, pray that this Court:

a. Declaring that Defendants have violated 5 U.S.C. §§ 706(2)(A), (C) and (F) of the Administrative Procedure Act;

b. Declare, pursuant to the Court's authority under 28 U.S.C. §§ 2201(a) and 2202, that the continued inclusion of Plaintiffs on the SDN List is unlawful;

c. Issue a writ of mandamus ordering OFAC to remove Plaintiffs from the SDN List, as the sole reason for their inclusion was vitiated by Order of Court of Justice for European Union in 2013;

d. Award Plaintiffs damages they incurred since being placed in the OFAC SDN list arbitrarily in 2011 and failure to delist them after they were removed from the European list in 2013.

e. Award Plaintiffs attorney's fees and costs incurred in this action; and

f. Award Plaintiffs other and further relief as this Court deems just and proper.

Dated: December 14, 2018

Respectfully submitted,

**Address:**
Saeid B. Amini
730 24th Street, NW, Suite One
Washington, DC  20037

/s/
_____
Saeid B. Amini (Bar No. 978340)
Attorney for Plaintiffs

202-306-9444
202-965-4446 (fax)
sbajd98@yahoo.com

***VERIFICATION***

I, the undersigned, do hereby declare under penalty of perjury that I have read the foregoing and know the contents thereof; that the same is true of my own knowledge except as to those matters that are stated on information and belief and as to those matters I do believe the same to be true.

Executed this 14 day of December, 2018, at Washington DC 20037

/s/
_____
Saeid B. Amini