

DEPARTMENT OF THE TREASURY
WASHINGTON, D.C.

**Case ID: NPW-4465**                                                JUL 2 0 2018

The Law Offices of Saeid B. Amini
Attn: Mr. Saeid B. Amini
730 24th Street, NW
Suite One
Washington, D.C. 20037

Dear Mr. Amini:

As you are aware, on November 21, 2011, the U.S. Department of State designated your client, Fulmen Company, pursuant to Executive Order 13382 of June 28, 2005, "Blocking Property of Weapons of Mass Destruction Proliferators and Their Supporters" ("E.O. 13382"). As noted in the Department of State's Fact Sheet issued on the same date, the designation was based on evidence that Fulmen Company was involved in procuring goods for the covert uranium enrichment facility at Qom while the facility was an undeclared site from 2006 through 2008. In addition, Fulmen Company collaborated with Kalaye Electric, an entity designated pursuant to E.O. 13382 on February 16, 2007, on the construction of elements of the Natanz Uranium Enrichment Plant. The Fact Sheet also references Fulmen Company's use of Iranian company Arya Niroo Nik to conduct some of its activities.

Pursuant to 31 C.F.R. § 501.807, a person may seek administrative reconsideration by OFAC of a designation by submitting arguments or evidence that the person believes establishes that insufficient basis exists for the designation. Designated persons may also propose remedial steps such as corporate reorganization, resignation from positions in a blocked entity, or similar steps, which the person believes would negate the basis for designation. In a letter dated October 20, 2014, Fulmen Company President Fereydoun Mahmoudian formally filed a reconsideration request, and several additional filings have been submitted on Fulmen Company's behalf since such date.

After investigation and careful review of all the evidence before OFAC, including classified and open source information as well as material you submitted on behalf of your client, we find that Fulmen Company has not submitted credible arguments or evidence establishing that an insufficient basis exists for the company's designation or that circumstances resulting in the designation no longer apply. In particular, information available to OFAC contradicts statements made in the submissions that Fulmen Company had never worked with the Iranian firms Kalaye Electric or Arya Niroo Nik.

Furthermore, Fulmen Company's stated business relationship Niru Battery also was considered in OFAC's determination. Under E.O. 13382, persons that have provided, or attempted to provide, financial, material, technological or other support for, or goods or services in support of, another person on the list of Specially Designated Nationals and Blocked Persons ("SDN List"),

such as Niru Battery, are themselves engaging in sanctionable behavior. In light of this information, we are unable to conclude that Fulmen Company has engaged in remedial steps that would warrant the removal of Fulmen Company from the SDN List. Therefore, your client's request for reconsideration is denied.

This letter constitutes notification of OFAC's final decision to deny Fulmen Company's request for removal from the SDN List and the administrative closure of Case ID: NPW-4465. Should you decide to pursue the delisting process again, you would need to submit new information or evidence that would merit a reconsideration of this determination. For the most direct response, please submit any follow up correspondence to OFAC via the following email address: OFAC.Reconsideration@treasury.gov.

Sincerely,

*[signature]*

Gregory T. Gatjanis
Associate Director
Office of Global Targeting
Office of Foreign Assets Control