

Press and Information

Court of Justice of the European Union
**PRESS RELEASE No 151/13**
Luxembourg, 28 November 2013

Judgments in Cases C-280/12 P Council v Fulmen and Mahmoudian, and
C-348/12 P Council v Manufacturing Support & Procurement Kala Naft Co.

## The Court confirms the validity of the acts of the Council of the EU freezing the funds of Kala Naft in the context of anti-nuclear proliferation measures taken against Iran

*However, the Court dismisses the Council's appeal against the judgment of the General Court annulling the entry of Fulmen and Mr Mahmoudian in the list of those whose funds are frozen*

In order to apply pressure on Iran to end its proliferation-sensitive nuclear activities and the development of nuclear weapon delivery systems, the Council of the European Union adopted decisions and regulations freezing the funds of persons and entities identified by the Council as being involved in nuclear proliferation. The persons and entities concerned are named in a list annexed to each of those regulations, together with a statement of the Council's reasons for including each person or entity.

Manufacturing Support & Procurement Kala Naft Co. ('Kala Naft') and Fulmen are Iranian companies. Mr Fereydoun Mahmoudian is Fulmen's majority shareholder and chairman of its board of directors. The two companies and Mr Mahmoudian had been designated, by Council decisions, as having been involved in Iran's nuclear programme and their names had therefore been entered on the list in the annexes to the regulations providing for the funds of such persons and entities to be frozen.

Kala Naft, Fulmen and Mr Mahmoudian brought actions before the General Court for annulment of the decisions and regulations adopting or maintaining the restrictive measures against them.

By judgment delivered on 25 April 2012[1], the General Court found that the Council had committed a number of infringements, including an error of law with regard to the concept of involvement in nuclear proliferation and an error of assessment of the facts, since the Council did not adduce proof of the allegations relied on against Kala Naft. Consequently, the General Court annulled the acts of the Council in so far as they concerned Kala Naft.

By judgment delivered on 21 March 2012[2], the General Court annulled the decisions and regulations in so far as they concerned the entry on the lists of the names of Fulmen and of Mr Mahmoudian in his capacity as director of the company, since the Council had not adduced evidence of their involvement in nuclear proliferation.

The Council brought appeals before the Court of Justice in order to have those judgments of the General Court set aside.

**As regards the Kala Naft judgment,** the Court of Justice examines first of all the General Court's interpretation of the general rules relating to the acts applicable to restrictive measures. It finds that **the General Court did not take into account the changes in EU legislation concerning restrictive measures,** in particular after UN Security Council Resolution 1929 (2010)[3]. The General Court had sought a direct link between the activities of Kala Naft and nuclear proliferation. However, the Court of Justice finds that the general rules of EU legislation, after 2010, have

---

[1] Case T-509/10 Manufacturing Support & Procurement Kala Naft v Council.
[2] Joined Cases T-439/10 and T-440/10 Fulmen and Mahmoudian v Council.
[3] Security Council Resolution 1929 (2010) of 9 June 2010.

established such a link through the mere procurement of prohibited goods and technology. Thus, the legislation expressly states that the restrictive measures must be applied to those engaged in, directly associated with, or **providing support for Iran's nuclear activities, including through involvement in the procurement of prohibited goods and technology**.

The Security Council resolution which extends the scope of the restrictive measures against Iran affects key sectors of the gas and oil industry, an important source of revenues for the Iranian State. The Council therefore decided that the new measures must focus, inter alia, on the prohibition of new investment, technical assistance and transfers of technologies, equipment and services related to those two areas.

In light of the EU legislation, on the one hand, and the Security Council resolution, on the other, the Court of Justice finds that **merely trading in key equipment and technology for the gas and oil industry was capable of being regarded as support for Iran's nuclear activities. In interpreting the relevant rules differently, the General Court erred in law.**

The Court of Justice then notes that if one of the reasons relied on by the Council in listing a person or entity is substantiated and constitutes in itself sufficient basis to support a decision on restrictive measures, the fact that the same cannot be said of other such reasons cannot justify the annulment of that decision. The Court considers that the Council was entitled to find that, on the basis of its role as the central purchasing body of the Iranian national oil company, Kala Naft was involved in the procurement of prohibited goods and technology. The Court held that, in light of the interpretation of the rules governing this area, that reason was in itself sufficient for Kala Naft to be entered on the lists of those whose funds were to be frozen.

Consequently, **the Court sets aside the judgment of the General Court and maintains Kala Naft's entry in the lists**.

**As regards the Fulmen and Mr Mahmoudian judgment**, the Court points out that, according to its settled case-law, overriding considerations pertaining to the security of the EU or of its Member States may justify the non-disclosure of some evidential information to the person concerned. However, the Council must state the specific reasons precluding disclosure of such information, or at least provide the Courts of the EU with a summary outlining the content of the confidential information in question.

In this case, since the Council did not produce evidence to the EU Courts, or a summary of the confidential information, the Courts have had to base their decision solely on the material which has been disclosed to them, that is, the claim made in the statement of reasons for the acts concerned. The Court of Justice therefore finds that the General Court was right to rule that the Council had not proved the alleged involvement of Fulmen and Mr Mahmoudian in nuclear proliferation. **Consequently, the Court dismisses the Council's appeal.**

**NOTE:** An appeal, on a point or points of law only, may be brought before the Court of Justice against a judgment or order of the General Court. In principle, the appeal does not have suspensive effect. If the appeal is admissible and well founded, the Court of Justice sets aside the judgment of the General Court. Where the state of the proceedings so permits, the Court of Justice may itself give final judgment in the case. Otherwise, it refers the case back to the General Court, which is bound by the decision given by the Court of Justice on the appeal.

*Unofficial document for media use, not binding on the Court of Justice.*

*The full texts of the judgments in C-280/12 P and C-348/12 P are published on the CURIA website on the day of delivery.*

*Press contact: Christopher Fretwell ☎ (+352) 4303 3355*